Filed 9/2/25  P. v. Wiley CA1/4
Order following remand from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ERIC DAVID WILEY,<br><br>     Defendant and Appellant. | A165613<br><br>(Humboldt County Super. Ct.<br>Nos. CR1902147B, CR2101049) |

**BY THE COURT**:[*]

In our November 29, 2023 decision in this matter, we affirmed appellant Wiley's prison sentence of three years eight months, which included a three-year upper term for a conviction of criminal threats in violation of Penal Code section 422.  (*People v. Wiley* (2023) 97 Cal.App.5th 676, 680, 682–683, 688.)  The California Supreme Court granted review and, in a June 26, 2025 opinion, reversed this court's judgment.  (*People v. Wiley* (2025) 17 Cal.5th 1069, 1076, 1091.)

The California Supreme Court held that "the trial court violated [Wiley's] federal constitutional right to a jury trial by adjudicating underlying facts related to his prior convictions and improperly relying on its conclusions

---

[*] Brown, P. J., Streeter, J., and Goldman, J.

1

in choosing to impose an upper term sentence." (*People v. Wiley, supra,* 17 Cal.5th at p. 1076.) The aggravating facts that should have been determined by a jury were "the 'increasing seriousness' of a defendant's prior convictions (Cal. Rules of Court, rule 4.421(b)(2)) and 'unsatisfactory' 'performance on probation' (*id.,* rule 4.421(b)(5)) . . . ." (*Id.* at p. 1082.) The Supreme Court found the error was prejudicial and reversed. (*Id.* at pp. 1076, 1087, 1090.)

In its disposition, the California Supreme Court stated: "We reverse the judgment of the Court of Appeal insofar as it affirmed Wiley's sentence. We remand to the Court of Appeal with directions to return the case to the trial court for further proceedings in accordance with this opinion." (*People v. Wiley, supra,* 17 Cal.5th at p. 1091.)

Following the Supreme Court's remand, the parties filed supplemental briefs in this court (see Cal. Rules of Court, rule 8.200(b)) presenting their views as to the directions this court should provide to the trial court when we return the case to that court. In his supplemental brief (filed on July 31, 2025), Wiley proposes that this court conditionally modify the judgment to impose the two-year midterm sentence on his criminal threats conviction,[1] while providing instructions to the trial court as to how to conduct proceedings if the Humboldt County District Attorney were to seek reimposition of the upper term sentence.[2]

In his responsive brief (filed on August 8, 2025), the Attorney General states that the district attorney's office has advised that it will not seek

---

[1] Wiley notes this disposition would not involve a modification of the eight-month subordinate consecutive term imposed for Wiley's other count of conviction.

[2] According to his supplemental brief, Wiley has completed his prison term and is on parole.

reimposition of the upper term sentence. The Attorney General argues that therefore further proceedings are unnecessary, and this court can instead modify the judgment to impose the midterm sentence on the criminal threats charge, and the trial court need only amend the abstract of judgment.

We agree with the Attorney General's position (which is consistent with Wiley's view that "further adjudicatory and resentencing proceedings" would only be necessary if the district attorney were to seek reimposition of the upper term).[3] We therefore order as follows: In light of the California Supreme Court's decision in this matter, dated June 26, 2025, and the People's decision not to seek reimposition of an upper term sentence, the judgment is modified to impose the midterm sentence for appellant's conviction for criminal threats (resulting in a total sentence of two years eight months). The trial court is directed to amend the abstract of judgment to reflect this modification.

Date: _____         _____P. J.
                                                              Brown

_____

[3] As the Attorney General notes, this disposition makes it unnecessary for this court to address the parties' divergent views as to what directions to the trial court would have been appropriate if the district attorney had decided to seek reimposition of the upper term.